IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:20-cr-00123-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JOSE JAVIER GUERRA, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's Motion to Allow Rule 11 Hearing to be Conducted by Videoconference [Doc. 17].

On November 18, 2020, the Defendant was charged by way of a Criminal Complaint with possession of firearms and ammunition by a person previously convicted of a crime punishable by a term of imprisonment exceeding one year, in violation of 18 U.S.C. § 922(g). [Doc. 1]. On November 23, 2020, the Defendant's initial appearance was held, at which time the Magistrate Judge appointed counsel.

On December 1, 2020, the Defendant was charged in a Bill of Indictment with three counts of knowingly possessing firearms and ammunition, knowing that he had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year, all in

violation of 18 U.S.C. § 922(g). [Doc. 10]. On January 15, 2021, the Defendant's arraignment was held, at which time the Magistrate Judge calendared the case to the March 1, 2021 trial term. On February 16, 2021, the Court continued the case to its current setting during the May 3, 2021 trial term. [Doc. 14]. On April 15, 2021, the Government filed an executed plea agreement and factual basis. [Docs. 15, 16].

The Defendant now seeks to have the Rule 11 Hearing in this matter conducted by videoconference. [Doc. 17]. As grounds, counsel states that the Defendant's removal from jail will increase the Defendant's risk of contracting COVID-19 due to multiple interactions with other individuals during transport and holding. [Id. at 1-2]. Counsel also states that removing the Defendant for an in-person Rule 11 Hearing would require that he spend approximately fourteen (14) days in quarantine or solitary confinement upon his return, as well as require his permanent removal from the dorm where he has been living safely. [Id. at 2]. Counsel for the Defendant further represents that the Defendant and the Government consent to the request for the Rule 11 Hearing to be conducted by videoconference. [Id.].

In light of the public health considerations caused by the coronavirus pandemic, as described in this Court's Standings Orders, Case No. 3:20-mc-00048-MR, the Court finds that the Defendant's Rule 11 hearing "cannot be

conducted in person without seriously jeopardizing public health and safety." Coronavirus Aid, Relief, and Economic Security Act (CARES Act) Pub. L. No. 116-136, 134 Stat. 281 (Mar. 27, 2020). The Court further finds, under the unique circumstances of this case, that the Defendant's Rule 11 hearing "cannot be further delayed without serious harm to the interests of justice." Id. For these reasons, the Court concludes that conducting the Rule 11 hearing in this matter by videoconference is appropriate.

Accordingly, for the reasons stated herein, and pursuant to the CARES Act and this Court's Standing Orders, Case No. 3:20-mc-00048-MR, the Court therefore concludes that the Defendant's Rule 11 Hearing may take place by way of videoconference.

Accordingly, **IT IS, THEREFORE, ORDERED** that Defendant's Motion to Allow Rule 11 Hearing to be Conducted by Videoconference [Doc. 17] is **GRANTED**, and the above-captioned Defendant's Rule 11 Hearing is **ALLOWED** to be conducted by videoconference.

**IT IS SO ORDERED.**

Signed: April 19, 2021

Martin Reidinger
Chief United States District Judge